FILED by D.C.
ELECTRONIC

August 15, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

## 08-CV-61310-Zloch-Snow

MANUEL E. RIVAS,

     Plaintiff,

v.

THE LAW OFFICES OF SIDNEY MICKELL, AND
CACH, LLC.,

     Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), California's Rosenthal Fair Debt Collection Practices Act, California Civil Code 1788, *et seq*., ("the Rosenthal Act") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA"). Plaintiff also alleges a state law tort for intrusion upon seclusion.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and

Defendant, THE LAW OFFICES OF SIDNEY MICKELL, placed telephone calls into this District.

## PARTIES

3.      Plaintiff, MANUAL E. RIVAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, THE LAW OFFICES OF SIDNEY MICKELL, ("MICKELL") is believed to be a fictitious name of SIDNEY MICKELL, a natural person and member of the California Bar, with his principal place of business at Suite 113, 5050 Palo Verde Street, Montclair, California 91763.

5.      Defendant, CACH, LLC, is believed to be a limited liability company with its principal place of business at Second Floor, 4340 South Monaco Street, Denver, Colorado 80237.

6.      Defendant, CACH, LLC, is registered as a consumer debt collector with the Florida Department of Financial Regulation.

7.      Defendant, CACH, LLC, is vicariously liable for the actions of its counsel, Defendant, SIDNEY MICKELL as principal and or joint venturer. See _Fox v. Citicorp_, 15 F.3d 1507, 1516 (9th Cir. 1994); _Kimber v. Federal Financial Corp._, 668 F. Supp. 1480 (M.D. Ala. 1987); _Ditty v Checkrite_ 973 F. Supp. 1320; and 17Am. Jur. 2d. Consumer Protection § 200 (1990).

2

8.    Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

9.    Defendants  regularly collect or attempt to collect debts for other parties.

10.    Defendants are "debt collectors" as defined in the FDCPA.

11.    Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

12.    Defendants sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

13.    Defendant, MICKELL, left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

September 27, 2007, October 2,9,10,11,15,17,24,29 2007
The number to call is 1-866-204-3786. Thank you. Hello. This is the Law Offices of Sidney Mickell calling with an important message for Manuel Rivas. This is not a sales or marketing message. To retrieve this message, please call us back at 1-866-204-3786. Again the number to call is 1-866-204-3786. Thank you.

14.    Based upon information and belief, Defendant, MICKELL, left similar or identical messages on other occasions within one-year of the filing of this complaint. (Collectively, "the telephone messages").

15.    Based upon information and belief, the messages make use of an artificial and or pre-recorded voice.

3

16.     The messages are "communications" as defined by 15 U.S.C.
§1692a(2).

17.     Defendant, MICKELL, failed to inform Plaintiff in the messages that
the communication was from a debt collector and failed to disclose the purpose of
Defendant, MICKELL's, messages.

18.     Based upon information and belief, Defendant, MICKELL, knew he
was required to disclose that he is a debt collector and the purpose of his
communication in telephone messages to Plaintiff.

19.     Based upon information and belief, Defendant, MICKELL, used an
automatic telephone dialing system and or an artificial or pre-recorded voice to
place numerous telephone calls to Plaintiff's cellular telephone within four years of
the filing of this complaint.

20.     Based upon information and belief, Plaintiff did not expressly consent
to Defendant, MICKELL's, placement of telephone calls to his cellular telephone
by the use of an automatic telephone dialing system and or the use of an artificial
or pre-recorded voice prior to Defendant, MICKELL's, placement of the calls.

21.     None of Defendant, MICKELL's, telephone calls placed to Plaintiff
were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

22.     Defendant, MICKELL, willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

4

23.   Plaintiff incorporates Paragraphs 1 through 22.

24.   Defendant, MICKELL, failed to disclose in the telephone messages that he is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

     a.   Damages;

     b.   Attorney's fees, litigation expenses and costs of suit; and

     c.   Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

25.   Plaintiff incorporates Paragraphs 1 through 22.

26.   Defendant, MICKELL, placed telephone calls to Plaintiff without making meaningful disclosure of his identity when he failed to disclose he is a debt collector and the purpose of his communication in the telephone messages in violation of 15 U.S.C §1692d(6). See Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

### COUNT III
### ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

27.    Plaintiff incorporates Paragraphs 1 through 22.

28.    Defendant, MICKELL, asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing that he is a debt collector and the purpose of his communications, by claiming the communication was important when it was not, and by using an automatic telephone dialing system and or messages using an artificial or pre-recorded voice to Plaintiff's cellular telephone to which Plaintiff had not consented, all done when Defendant, MICKELL, knew he did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

29.    Plaintiff incorporates Paragraphs 1 through 22.

30.    By failing to disclose that he is a debt collector and the purpose of his communication, by claiming the matter was important when it was not, and by using an automatic telephone dialing system and or an artificial or pre-recorded voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, Defendant, MICKELL, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE ROSENTHAL ACT

31.    Plaintiff incorporates Paragraphs 1 through 22.

32.    Defendant, MICKELL, violated California Civil Code 1788.17, which requires Defendant, MICKELL, to comply with all provisions of the FDCPA.

33.    Defendant, MICKELL, violated California Civil Code 1788.11 by

7

using the telephone in an abusive and deceptive manner.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT VI
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

34.    Plaintiff incorporates Paragraphs 1 through 22.

35.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

36.    Defendant, MICKELL, intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion and solitude.

37.    Defendant, MICKELL, intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of

8

collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

38.    Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

39.    These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.    Damages; and

c.    Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

40.    Plaintiff incorporates Paragraphs 1 through 22.

41.    Defendant, MICKELL, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and or the use of an artificial or pre-recorded voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii). See *Leckler v. Cashcall, Inc.*, 554 F. Supp. 2d 1025 (N.D. Cal. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.    Damages; and

9

b.      Such other or further relief as the Court deems proper.

## COUNT VIII
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

42.     Plaintiff incorporates Paragraphs 1 through 22.

43.     Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant, MICKELL's, practices are in violation of the FDCPA, FCCPA, the Rosenthal Act and the TCPA.

44.     Plaintiff seeks a permanent injunction prohibiting Defendant, MICKELL, from continuing to engage in the violative practices.

45.     Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant, MICKELL, from placing non-emergency telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system and or by the use of an artificial or pre-recorded voice without that person's prior express consent.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a.      declaring that Defendant, MICKELL's, practices violate the FDCPA, FCCPA, the Rosenthal Act the TCPA;

b.      permanently injoining Defendant, MICKELL, from engaging in the violative practices;

c.      Attorney's fees, litigation expenses and costs of suit; and

d.      Such other or further relief as the Court deems proper.

10

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this ___14___ day of August, 2008.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By:_____
>    Donald A. Yarbrough, Esq.
>    Florida Bar No. 0158658

11

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Manuel E. Rivas

**DEFENDANTS**

The Law Offices of Sidney Mickell and CACH, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
**DONALD A. YARBROUGH, ESQ.** POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:08 CV 61310-Zloch-Snow

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** 1-2 days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 350 Motor Vehicle | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 355 Motor Vehicle Product Liability | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 360 Other Personal Injury | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | PERSONAL INJURY | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 362 Pers Injury-Med Malpractice | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | ☐ 365 Personal Injury-Prod. Liability | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | PERSONAL PROPERTY | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending B |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personnel Property Damage |  |  | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability |  |  |  |
| A CIVIL RIGHTS | B PRISONER PETITIONS |  |  |  |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus |  |  |  |
| ☐ 442 Employment | ☐ 530 General* |  |  |  |
| ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty |  |  |  |
| ☐ 444 Welfare | ☐ 540 Mandamus & Other* |  |  |  |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B |  |  |  |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ 1. Original Proceeding  ☐ 2 Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Refiled  ☐ 5. Transferred from another district (specify)  ☐ 6. Multidistrict Litigation  ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION No ☐ UNDER F.R.C.P. 23

DEMAND $ N/A

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE: August __, 2008   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No._____   Date Paid:_____   Amount: 350   M/ifp:_____

5439 81

S/F 1-2 REV. 9/94

ETL/LINP/266449/5pld011.DOC/8/14/08/26094 010400